THE ATTORNEY GENERAL
OF TEXAS
GERALD C. MANN          AUSTIN 11, TEXAS
ATTORNEY GENERAL



Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-1415
Re:  Construction of Article 827b
of Vernon's Texas Penal Code.

We acknowledge receipt of your request for an opinion pertaining to Article 827b, Vernon's Texas Penal Code, wherein you ask the following questions:

"1.  For what period of time may a non-resident chartered bus remain in this State without the necessity of obtaining Texas license plates?

"2.  What period of time may a non-resident privately owned bus remain in this State without the necessity of obtaining Texas license plates?

"3.  Are non-resident chartered and privately owned busses entitled to the privileges of a non-resident permit for a fee of fifty cents?

"4.  What privileges should be extended to a non-resident chartered or privately owned bus, used for the transportation of members of an orchestra, ball players, vaudeville troupes, or other individuals in pursuit of their own profession or trade for which they receive compensation in this State?

"5.  Would a passenger type motor vehicle, not operated for compensation or hire, which is used for the transportation of members of an orchestra and their instruments, be required to be registered as a passenger or commercial vehicle?"

Article 827b defines a passenger car as being any motor vehicle other than a motorcycle or a bus as defined in this act designed or used primarily for the transportation of persons. The article also defines commercial motor vehicle as being any motor vehicle other than a motorcycle designed or used for the

transportation of property including every vehicle used for delivery purposes. The Legislature of Texas when it passed this act evidently overlooked a defining of what is meant by a bus, but from a reading of the act as a whole it is our opinion that it was the intention of the Legislature that a bus should be defined as a motor vehicle designed or used primarily for the transportation of persons and which is operated for hire or compensation. Bearing in mind this distinction between a passenger car and a bus, we will proceed to answer your questions as follows:

In answer to question No. 1 you are advised that a chartered bus necessarily imports that it is being operated for compensation or hire and would therefore come within that part of Section 2, Article 827b, Penal Code of Texas, which reads as follows:

"Provided however, that motor vehicles properly licensed in another State or country operated for compensation or hire may be allowed to make not to exceed two (2) trips during any calendar month and remain on each of said trips within the State not to exceed four (4) days, without being registered in this State, in the event that under the laws of such other State or country like exceptions are granted to motor vehicles registered under the laws of and owned by residents of this State."

It is, therefore, our opinion that a non-resident chartered bus may remain in the State of Texas four days without being registered in this State, provided the State or country of the registration of such bus grants like exceptions to the motor vehicles registered in Texas; and that such busses may make two trips of four days each into this State.

Answering your question No. 2 and assuming the privately owned bus is being operated for compensation or hire, then our answer to question number one will apply, otherwise the laws governing non-resident "passenger cars" would apply.

Bearing in mind the fact that "chartered busses" must necessarily import that the same are operated for hire or compensation, it is our opinion that neither privately owned busses which are operated for hire or compensation, nor chartered busses, are entitled to privileges of a non-resident permit for a fee of fifty cents. The privilege of the fifty cent permit fee is only for motor vehicles defined as passenger cars.

Answering your question No. 4 you are advised that non-resident chartered busses and privately owned busses which are operated for hire or compensation, used for the transportation

of orchestras, ball players, vaudeville troupes, etc., should be granted the privilege of making two trips per calendar month of not over four days each into the State of Texas providing the State or country of the registration of such bus grants the same privilege to motor vehicles of the same type registered in the State of Texas.

It is our opinion that a motor vehicle described in your question No. 5 would come within the definition of a passenger car and should be registered as such. Article 827b describes passenger car as follows:

"'Passenger car' means any motor vehicle other than a motorcycle or a bus as defined in this Act designed or used primarily for the transportation of persons."

Trusting that the foregoing fully answers your inquiry, we are

                                        Yours very truly

APPROVED SEP 18, 1939                   ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS               By  /s/ Richard H. Cocke
                                              Richard H. Cocke
                                                    Assistant

RHC:LM:LM

                        APPROVED
                        OPINION
                        COMMITTEE
                        BY /s/ B.W.B.
                            CHAIRMAN

O.K.
/s/ ORL